# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

JOHN RAY DYNES,

                    Plaintiff,

    v.

C/O JUAN MEDINA, et al.,

                    Defendants.

_____/

CASE NO. 1:08-cv-00136-GSA PC

ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL

(Doc. 57)

      This is a civil rights action filed pursuant to 42 U.S.C. § 1983 by Plaintiff John Ray Dynes, a prisoner proceeding pro se and in forma pauperis. Plaintiff is currently incarcerated at the Fresno County Jail. This action is proceeding on Plaintiff's amended complaint, filed April 24, 2008, against Defendants Medina and Williams for use of excessive physical force, in violation of the Eighth Amendment. Plaintiff's claim arises from an incident which occurred while he was incarcerated at Kern Valley State Prison. This matter is set for a telephonic trial confirmation hearing on February 24, 2010, and jury trial on March 15, 2010.

      On January 26, 2010, Plaintiff filed a motion seeking the appointment of counsel. Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the Court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989). However, in certain exceptional circumstances the

///

1

Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). <u>Rand</u>, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." <u>Id.</u> (internal quotation marks and citations omitted).

In the present case, the Court does not find the required exceptional circumstances. Even if it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. The Court is faced with similar cases almost daily. The issue in this case is whether Defendants used excessive physical force against Plaintiff. There have been no dispositive motions and no other proceeding which would allow the Court to evaluate the evidence and make a determination whether it believes Plaintiff is likely to succeed on the merits. Further, based on a review of the record in this case, the Court does not find that Plaintiff cannot adequately articulate his claims. <u>Id.</u> The legal claim and issues are not complex, and will mostly likely come down to an issue of witness credibility, which the jury will consider.

For the foregoing reasons, Plaintiff's motion for the appointment of counsel is HEREBY DENIED.

IT IS SO ORDERED.

**Dated:** __**January 29, 2010**__ _____/s/ **Gary S. Austin**_____
UNITED STATES MAGISTRATE JUDGE