# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN RAY DYNES,<br><br>        Plaintiff,<br><br>   v.<br><br>JUAN MEDINA and<br>DAVID WILLIAMS,<br><br>        Defendants.<br>_____/ | CASE NO. 1:08-cv-00136-GSA PC<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL, RESOLVING PLAINTIFF'S MOTIONS, DISCHARGING ORDER TO SHOW CAUSE, VACATING TELEPHONIC TRIAL CONFIRMATION HEARING, AND DIRECTING DEFENDANTS TO FILE PRETRIAL STATEMENT ON OR BEFORE FEBRUARY 24, 2010<br><br>(Docs. 62, 68-71)<br><br>Jury Trial Date:   March 15, 2010<br>Time:                8:30 a.m.<br>Courtroom:      10 (GSA) |

**Order on Pretrial Matters**

**I.    Background**

This is a civil rights action filed pursuant to 42 U.S.C. § 1983 by Plaintiff John Ray Dynes, a prisoner proceeding pro se and in forma pauperis. Plaintiff is currently incarcerated at the Fresno County Jail. This action is proceeding on Plaintiff's amended complaint, filed April 24, 2008, against Defendants Juan Medina and David Williams for use of excessive physical force, in violation of the Eighth Amendment. Plaintiff's claim arises from an incident which occurred while he was incarcerated at Kern Valley State Prison. This matter is set for a telephonic trial confirmation hearing on February 24, 2010, and jury trial on March 15, 2010.

1

1 | Pursuant to the Court's second scheduling order, filed on August 24, 2009, Plaintiff's pretrial statement was due on or before January 4, 2010. Plaintiff was warned that the failure to file his pretrial statement may result in the imposition of sanctions, including dismissal of this action. Plaintiff failed to file a pretrial statement, and on January 20, 2010, the Court ordered Plaintiff to show cause why this action should not be dismissed as a sanction. On January 26, 2010, Plaintiff filed a response to the order and submitted what he represented was his pretrial statement originally submitted on December 16, 2009.

In a second order to show cause, filed on February 1, 2010, the Court stated:

> The Court rejects Plaintiff's contention that the document submitted is his pretrial statement. In ordering Plaintiff to file a pretrial statement on or before January 4, 2010, the Court provided Plaintiff with a copy of Local Rule 281, then Local Rule 16-281, which sets forth the information that must be included in a pretrial statement. Although the Court is skeptical at best, assuming Plaintiff mailed the filing in December and it was not received by the Court, the document submitted by Plaintiff on January 26, 2010, is not a pretrial statement and does not even arguably comply with Local Rule 281.
>
> Further, although Plaintiff altered the date to represent it was signed it on December 16, 2009, the document is a photocopy and the original date of May 2007 is clearly visible from underneath the altered date of December 10, 2009.[1] Because the document does address Plaintiff's allegations in this action, the Court can only speculate that it was prepared for Plaintiff by a jailhouse lawyer for litigation purposes but prior to the date this suit was initiated. Regardless of its origin, the filing cannot possibly be Plaintiff's pretrial statement drafted in compliance with the Court's scheduling order given that the document is not a pretrial statement and was originally prepared in 2007, prior to the filing of this suit and prior to the issuance of the scheduling order requiring submission of a pretrial statement.

(Doc. 62, 2:2-17.)

On February 9, 2010, Plaintiff filed four self-described motions in response to the second order to show cause, and on February 10, 2010, Defendants filed an opposition in which they argue that dismissal of this action is appropriate given Plaintiff's failure to file his pretrial statement and Plaintiff's misrepresentations to the Court.

## II. Plaintiff's Motion for the Appointment of Counsel

In one motion, Plaintiff again seeks the appointment of counsel and cites to his lack of understanding of what pretrial statement is as grounds for the appointment. Plaintiff does not have

---

[1] The filing was scanned into the Court's CM/ECF system. However, the Court viewed the original received in the mail from Plaintiff, and the original date of drafting is clearly visible in the original.

2

a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the Court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989). However, in certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

In the present case, the Court does not find the required exceptional circumstances. Even if it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. The Court is faced with similar cases almost daily. The issue in this case is whether Defendants used excessive physical force against Plaintiff. There have been no dispositive motions and no other proceeding which would allow the Court to evaluate the evidence and make a determination whether it believes Plaintiff is likely to succeed on the merits. Further, based on a review of the record in this case, the Court does not find that Plaintiff cannot adequately articulate his claims. Id. The legal claim and issues are not complex, and will mostly likely come down to an issue of witness credibility, which the jury will consider. This case does not present the exceptional circumstances warranting the appointment of counsel, and Plaintiff's motion is denied.

**III.    Order to Show Cause and Imposition of Sanctions**

Plaintiff's other three motions all relate to his pretrial statement. In particular, Plaintiff requests a copy of Local Rule 281 and additional time to file a proper pretrial statement. Plaintiff also requests that this case not be dismissed. Although Defendants argue that Plaintiff concedes he perjured himself, the Court finds that to be less than clear. Rather, it appears that Plaintiff does not know what a pretrial statement is compared to a narrative statement of his claim, and that he

apparently thought that the narrative statement he submitted was a pretrial statement. There is no doubt that the narrative statement was prepared prior to the filing of this suit, and Plaintiff has explained that it was prepared for use in a small claims court case which was never filed. The fact that the statement was originally prepared for a different purpose does not necessarily render implausible Plaintiff's belief that he was filing a pretrial statement given Plaintiff's lack of understanding of what pretrial statement should include.

On the other hand, the Court's scheduling order, which included a copy of Local Rule 281 setting forth what should be included in a pretrial statement, was issued on August 24, 2009, at which time Plaintiff was not in custody. Plaintiff has not adequately addressed his failure to follow the directions in that order or has not explained why he is, for the first time, asking for a copy of the Local Rule and representing that he does not know how to draft a pretrial statement. More than five months have passed since the issuance of the order and no satisfactory explanation has been received regarding this extreme lapse in time.

Federal courts have the inherent authority to sanction conduct abusive of the judicial process. Chambers v. NASCO, Inc., 501 U.S. 32, 43-45, 111 S.Ct. 2123 (1991). However, "[b]ecause of their very potency, inherent powers must be exercise with restraint and discretion." Chambers, 501 U.S. at 44. The extreme sanction of "dismissal is warranted where . . . a party has engaged deliberately in deceptive practices that undermine the integrity of judicial proceedings." Anheuser-Busch, Inc. v. Natural Beverages Distributors, 69 F.3d 337, 348 (9th Cir. 1995) (citation omitted); Leon v. IDX Systems, Corp., 464 F.3d 951, 958 (9th Cir. 2006). For dismissal to be proper, the sanctionable conduct must have been due to willfulness, fault, or bad faith. Leon, 464 F.3d at 958; Anheuser-Busch, Inc., 69 F.3d at 348. Further, the Court must consider less drastic sanctions. Leon at 358.

In this instance, the Court finds that Plaintiff's conduct does not warrant the extreme sanction of dismissal. It appears Plaintiff believed that by filing a narrative statement, he was filing a pretrial statement. Although the Court served Plaintiff with a copy of Local Rule 281, it appears that despite receipt of the rule, Plaintiff remained misinformed regarding pretrial statements. While the Court is not certain of the circumstances surrounding Plaintiff's receipt of the rule and continued

4

misimpression, it does not appear that Plaintiff acted in bad faith and the current record would not support such a finding.

Because the scheduling order and a copy of the Local Rule were served on Plaintiff on August 24, 2009, providing more than ample opportunity for Plaintiff to conduct research, comply with deadlines, ready himself for trial, and seek clarification regarding any confusion, Plaintiff's motion for service of another copy of the Local Rule and time to draft and file a pretrial statement is denied. Plaintiff's narrative statement and attached exhibits will have to suffice for Plaintiff's pretrial statement. Given the stage in the proceedings, the swiftly approaching trial date, and Plaintiff's lack of diligence, the disallowance of any further opportunity to add to or correct the deficiencies in the statement is an adequate and appropriate sanction.

## IV. Other Matters

The Court has determined that it is unnecessary to hold a telephonic trial confirmation hearing in this matter. Therefore, the hearing set for February 24, 2010, is vacated. Defendants shall file their pretrial statement on or before February 24, 2010, and this matter is confirmed for jury trial on March 15, 2010. Following receipt of Defendants' pretrial statement, the Court will issue a pretrial order. Any objections to the pretrial order once issued may be submitted in writing by the deadline set forth in that order or may be raised on the morning of trial.

## V. Order

As set forth herein, it is HEREBY ORDERED that:

1. Plaintiff's motion for the appointment of counsel, filed February 9, 2010, is denied;
2. Plaintiff's other three motions, filed February 9, 2010, are deemed resolved;
3. The order to show cause is discharged;
4. The telephonic trial confirmation hearing set for February 24, 2010, is vacated;
5. Defendants shall file their pretrial statement on or before February 24, 2010, after which the pretrial order will be issued; and

///
///
///

6. This matter is confirmed for jury trial on March 15, 2010.[2]

IT IS SO ORDERED.

Dated:  February 16, 2010          /s/ Gary S. Austin
                                   UNITED STATES MAGISTRATE JUDGE

---

[2] By separate order, the Court has directed that Plaintiff be transported to the courthouse for trial.

6