UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN RAY DYNES, | 1:08-cv-00136-GSA-PC |
| Plaintiff, | ORDER RESOLVING PLAINTIFF'S MOTIONS |
| v. | (Docs. 101, 107, 111, 112.) |
| C/O JUAN MEDINA and C/O DAVID WILLIAMS, | |
| Defendants. | |

## I.  Background

This is a civil rights action filed pursuant to 42 U.S.C. § 1983 by Plaintiff John Ray Dynes, a prisoner proceeding pro se and in forma pauperis. Plaintiff is currently incarcerated at the Fresno County Jail. This action is proceeding on Plaintiff's amended complaint, filed April 24, 2008, against Defendants Juan Medina and David Williams for use of excessive physical force, in violation of the Eighth Amendment. Plaintiff's claim arises from an incident which occurred while he was incarcerated at Kern Valley State Prison. This matter is set for jury trial on April 14, 2010.

Plaintiff filed four self-described motions between February 16, 2010 and March 16, 2010, concerning pretrial matters. (Docs. 101, 107, 111, 112.)

## II.  Motion regarding court's order to show cause (Doc. 101.)

On February 16, 2010, Plaintiff filed a motion for leave to file a pretrial statement pursuant to the court's order to show cause of February 1, 2010. Plaintiff is advised to refer to

1

the court's order of February 16, 2010 which discharged the order to show cause and resolved this matter. To the extent that Plaintiff's motion is a motion for reconsideration of the court's orders, the motion shall be denied based on plaintiff's failure to show any "new or different facts or circumstances claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."  Local Rule 78-230(k)(3).

### III. Motion regarding writ to transport plaintiff to trial (Doc. 107.)

On March 11, 2010, Plaintiff filed a document entitled "motion" in which he requested assurance that the Sheriff had received the writ of habeas corpus ad testificandum to transport plaintiff to trial. In response, the court re-served the writ by mail and facsimile upon the Fresno County Sheriff on March 18, 2010. (Doc. 110.) Thus, this motion is resolved.

### IV. Motion regarding instruction in pretrial order (Doc. 111.)

On March 16, 2010, Plaintiff filed a document entitled "motion" in which he objects to the instruction in the court's pretrial order requiring him to submit five copies of his trial exhibits to the courtroom deputy by March 31, 2010. The pretrial order, filed March 4, 2010, instructs the parties to submit the original and five copies of all trial exhibits, along with exhibit lists, to Courtroom Deputy Carrie Esteves no later than March 31, 2010. (Doc. 98 at 12:5-6.) Plaintiff explains that the Fresno County Jail, where he is presently incarcerated, does not allow him to make copies at the law library, due to the nature of his case. Plaintiff submits copies of inter-office memos from jail personnel, informing him that his case does not qualify him to use the law library for copywork. Good cause appearing, Plaintiff shall be excused from providing the five copies of exhibits required by the pretrial order. However, Plaintiff must provide an original copy of each of his trial exhibits, along with an exhibit list, to the courtroom deputy by March 31, 2010, as instructed by the pretrial order. Thus, this motion is granted.

### V. Motion objecting to requirement to submit joint exhibits (Doc. 112.)

On March 16, 2010, Plaintiff filed an objection to the requirement in the pretrial order for the parties to meet and confer to enable Defendants to identify and submit joint trial exhibits. Plaintiff requests that his arguments and exhibits "stay single as they are" and not be joined together with Defendants' exhibits. The court has not made any ruling suggesting that Plaintiff's

arguments should be joined with Defendants' arguments.  With regard to the arguments, Plaintiff is advised to refer to the pretrial order which governs the claims and defenses to be tried.  With regard to the exhibits, Plaintiff is required to comply with the pretrial order's instruction to "meet and confer" with Defendants so that any joint exhibits can be identified and submitted by Defendants by March 31, 2010.  Plaintiff has not shown good cause for the court to decide otherwise.  Therefore, Plaintiff's request for his exhibits to "stay single" is denied.

## VI. Conclusion

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's motion regarding the court's order to show cause, filed on February 16, 2010, is DENIED;

2. Plaintiff's motion regarding the writ to transport him to trial, filed March 11, 2010, is RESOLVED;

3. Plaintiff's motion regarding the instruction in the pretrial order to submit five copies of his exhibits, filed on March 11, 2010, is GRANTED.  Plaintiff is excused from submitting five copies of his trial exhibits.  However, Plaintiff must submit an original copy of each of his trial exhibits to the courtroom deputy by March 31, 2010, pursuant to the court's pretrial order of March 4, 2010, at page 12, lines 5-6; and

4. Plaintiff's motion to be excused from the pretrial order's requirement to submit joint exhibits, filed on March 16, 2010, is DENIED.

IT IS SO ORDERED.

Dated:   **March 19, 2010**                    /s/ **Gary S. Austin**
                                               UNITED STATES MAGISTRATE JUDGE