UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN RAY DYNES, | 1:08-cv-00136-GSA-PC |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION FOR COURT TO CORRECT THE RECORD |
| v. | (Doc. 139.) |
| C/O JUAN MEDINA and C/O DAVID WILLIAMS, | |
| Defendants. | |

John Ray Dynes ("Plaintiff") is a prisoner proceeding pro se and in forma pauperis with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the complaint commencing this action on January 28, 2008. (Doc. 1.) The case proceeded to jury trial on April 14, 2010, and judgment for defendants was entered on April 15, 2010. (Doc. 127.)

On April 29, 2010, Plaintiff filed a motion for the court to correct the record to reflect that Plaintiff's exhibits PX-100, PX-101, and PX-104 were admitted into evidence during the trial. (Doc. 139.)

The court has reviewed the record and finds as follows. During Plaintiff's trial, the court admitted into evidence five exhibits, JX-300, JX-301, PX-101, PX-103, and DX-C. (Minutes, Docs. 125, 126.) Exhibits JX-300 and JX-301 are joint exhibits which were admitted at the trial by both Plaintiff and Defendants; Exhibits PX-101 and PX-103 are exhibits admitted only by Plaintiff; and Exhibit DX-C is an exhibit admitted only by Defendants.[1]

---

[1] It is the court's practice to use the "JX" designation for an exhibit that is jointly admitted by both sides in an action. (See Second Scheduling Order, Doc. 39.) The "PX" designation is used for Plaintiff's exhibits, and the "DX" designation is used for Defendant's exhibits. Id.

1

The court has conducted an *in camera* review of the five exhibits admitted during Plaintiff's trial. Exhibits JX-300 and JX-301 are the same documents as Plaintiff's exhibits PX-100 and PX-102. PX-103 was admitted into evidence. PX-104 was not admitted into evidence.

In summary, the court's record shows that Plaintiff admitted four exhibits into evidence at trial, PX-100(JX-300), PX-101, PX-102(JX-301), and PX-103. Exhibit PX-104 was not admitted. Therefore, the corrections requested by Plaintiff are not necessary.

Based on the foregoing, Plaintiff's motion for the court to correct the record is DENIED.

IT IS SO ORDERED.

   **Dated:**   **May 12, 2010**                      /s/ **Gary S. Austin**
                                                             UNITED STATES MAGISTRATE JUDGE